UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UDI FISHMAN,<br><br>    Petitioner,<br><br>    v.<br><br>GARY SWARTHOUT,<br><br>    Respondent. | No.  2:13-cv-2421 GGH P<br><br><br><br>ORDER |

On February 11, 2014, the undersigned filed an order denying without prejudice petitioner's request for law library access.  Plaintiff has filed a request for clarification or reconsideration of that order.

Parties seeking reconsideration should demonstrate "new or different facts or circumstances [which] are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."  E.D. Cal. L.R. 230 (j); see United States v. Alexander, 106 F.3d 874, 876 (9th Cir.1997) (reconsideration appropriate for a change in the controlling law, facts, evidence, or other circumstances; a need to correct a clear error; or a need to prevent manifest injustice); see also School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

/////

1

1  Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay
2  of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of
3  judicial economy weigh heavily in the process.  Thus Local Rule 230(j) requires that a party
4  seeking reconsideration of a district court's order must brief the "new or different facts or
5  circumstances [] claimed to exist which did not exist or were not shown upon such prior motion,
6  or what other grounds exist for the motion."  The rule derives from the "law of the case" doctrine
7  which provides that the decisions on legal issues made in a case "should be followed unless there
8  is substantially different evidence . . . new controlling authority, or the prior decision was clearly
9  erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d
10 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert.
11 denied, 475 U.S. 1064 (1986).

12 "After thoughts" or "shifting of ground" are not appropriate bases for reconsideration.
13 Fay Corp. v. BAT Holdings I, Inc., 651 F.Supp. 307, 309 (W.D. Wash.1987), aff'd, 896 F.2d
14 1227 (9th Cir.1990).  The standards "reflect[ ] district courts' concern for preserving dwindling
15 resources and promoting judicial efficiency." Costello v. United States Government, 765 F.Supp.
16 1003, 1009 (C.D. Cal.1991).  "While Rule 59(e) permits a district court to reconsider and amend
17 a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of
18 finality and conservation of judicial resources.'" Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir.
19 2003) (*quoting* 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed.2000)).

20 Here, petitioner presents no new facts or circumstances since the filing of his original
21 request. (ECF No. 14.)  A review of the docket indicates that circumstances have not changed in
22 that a response to the petition has not yet been filed and therefore petitioner's optional reply is not
23 yet due.  Therefore, petitioner's request is still premature.  As the court explained in the February
24 11, 2014 order, petitioner may renew his motion if he is denied library access when it is time to
25 prepare his reply.
26 /////
27 /////
28 /////

Accordingly, IT IS ORDERED that: Plaintiff's request for clarification, construed as a motion for reconsideration, filed February 21, 2014, (ECF No. 14), is denied.

Dated: March 3, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Fish2421.Recon